UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES LEGGETT,<br><br>    Plaintiff,<br><br>v.<br><br>WESTERN EXPRESS INC., et al.,<br><br>    Defendants. | Case No. 3:19-cv-00110<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable William L. Campbell, Jr., District Judge

## REPORT AND RECOMMENDATION

This action arises out of pro se Plaintiff James Leggett's employment as a truck driver with Defendant Western Express, Inc. (Doc. No. 8.) Defendants Western Express, Paul Wieck, Clarence Easterday, and Donna Wise have filed a motion to dismiss Leggett's amended complaint (Doc. No. 15), and Leggett, who appears *in forma pauperis*, has responded in opposition (Doc. No. 17). Defendants have filed a reply (Doc. No. 20), and Leggett has filed a sur-reply without permission from the Court (Doc. No. 21). For the reasons that follow, the Magistrate Judge will recommend that the Court grant Defendants' motion and dismiss the amended complaint.

**I.     Factual and Procedural Background**[1]

    **A.     Leggett's Original Complaint**

Leggett initiated this action on January 28, 2019, by filing a "motion for civil suit against Western Inc." (Doc. No. 1, PageID# 1), which the Court construed as a complaint (Doc. No. 7),

---

[1]     The facts in this section are drawn from Leggett's amended complaint (Doc. No. 8) as well as his original complaint and exhibits (Doc. Nos. 1, 1-2). An amended pleading typically "supersedes the pleading it modifies" such that "the original pleading no longer performs any function in the case . . . ." 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476

and a motion to proceed *in forma pauperis* (IFP) (Doc. No. 2). Leggett's complaint states that he was a "drive[r] for Western Express Inc. in 2018" and that "the company was negligent in [not] telling drivers and applicants that Western Express was being sued" by other drivers and was having problems with its leasing company. (Doc. No. 1, PageID# 1.) Leggett also states that Western Express violated its own policies, breached its contracts with drivers, and stole money from drivers. (*Id.*) According to Leggett, on "the last run you do for the company, they lie to you and tell you [they] will pay you in 45 days, [but] when the time comes, they do not pay you at all

---

(3d ed. updated Aug. 2019). However, in light of the leniency afforded to pro se litigants at the pleading stage, courts have the discretion to construe amended pleadings in conjunction with past pleadings in some circumstances. *See Taylor-Merideth v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:16-cv-00612, 2017 WL 1164583, at *1 (M.D. Tenn. Mar. 28, 2017) (construing pro se plaintiff's complaints together where plaintiff "likely did not understand that her Amended Complaint would supersede the original Complaint, and that therefore she needed to re-allege the facts entitling her [to] relief"); *Bailey v. Deutsche Bank Nat'l Tr. Co.*, No. 1:18-cv-0754, 2018 WL 6164337, at *1 (N.D. Ga. Oct. 29, 2018) (construing pro se plaintiffs' "second amended complaint in conjunction with the facts alleged in their original complaint" "in keeping with the liberal construction of *pro se* pleadings"); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Use of that discretion is warranted here. The Court directed Leggett to file an amended complaint using the prescribed civil action form and cautioned him that his amended complaint must include all of the information he wants the Court to consider in evaluating his claims and "should not cross-reference facts alleged in his original [complaint] . . . ." (Doc. No. 7, PageID# 18.) Leggett's amended complaint contains the same core factual allegations material to his legal claims but omits certain details. The Court will therefore liberally construe Leggett's amended complaint with his original complaint where his original allegations are necessary to understand the amended pleading. *See White v. DeMarco*, Civ. Action No. 17-1623, 2018 WL 1696563, at *2 (D. Md. Apr. 6, 2018) (construing plaintiff's amended pleading to incorporate the original pleading where amended complaint "include[d] allegations that overlap[ped] with the initial Complaint, but [was] organized in a different way and omit[ted] certain parts").

The Court has not considered the factual affidavit from Defendant Easterday attached to Defendants' motion to dismiss. (Doc. No. 15-2.) In evaluating a motion to dismiss under Rule 12(b)(6), a court may consider "the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Luis v. Zang*, 833 F.3d 619, 632 (6th Cir. 2016) (quoting *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015)). Easterday's affidavit, though attached to Defendants' motion to dismiss, is not referred to in Leggett's pleadings and therefore does not fall within the categories of documents that may be considered at this point in the litigation. *See id.*

and take your money." (*Id.*) Leggett states that Western Express "took and stole" $5,000.00 from him, failed to pay him a $2,500.00 bonus, and did not give him his final pay check for $1,600.00. (*Id.*) The complaint also names Wise, Easterday, and Wieck as defendants. (*Id.*) Leggett's complaint seeks $20 million in damages "for what Western Express has caused" and asks the Court "to shut the company down for good since[ ] they keep doing the same [thing] to other drivers . . . ." (*Id.* at PageID# 2.) Attached to Leggett's complaint are several documents entitled "Western Express, Inc. Operator Settlements" showing various charges and payments. (Doc. No. 1-2, PageID# 5–9.)

On March 1, 2019, the Court denied Leggett's IFP motion without prejudice because it "was not submitted on the form prescribed by this Court and . . . d[id] not contain all the information required . . . to grant leave to proceed without prepaying fees or costs." (Doc. No. 7, PageID# 17.) The Court mailed Leggett a copy of the proper application form and ordered him to return it within twenty-one days or pay the $400.00 filing fee. (Doc. No. 7.) The Court also found that Leggett's complaint "d[id] not contain sufficient information from which to ascertain whether the Court may exercise jurisdiction over [Leggett's] claims." (*Id.* at PageID# 17.) The Court sent Leggett a blank form complaint for a federal civil action and ordered him to complete and return the form as an amended complaint within twenty-one days, explaining that "[*a*]*ll* information [Leggett] wants the Court to consider in evaluating his claims must be included on the amended Complaint; [Leggett] should not cross-reference facts alleged in his original [complaint] or expect the Court to incorporate allegations from that document into the amended filing." (*Id.* at PageID# 18 (emphasis in original).)

### B. Leggett's Amended Complaint

Like his original complaint, Leggett's amended complaint names Western Express, Wise, Easterday, and Wieck as defendants. (Doc. No. 8.) The Court granted Leggett's properly formatted

3

IFP application and screened his amended complaint under 28 U.S.C. § 1915(e)(2), describing the amended complaint as follows:

> The Amended Complaint does not contain many factual allegations. Plaintiff states that "Company Management laughed at plaintiff stated that they did no wrong by taking plaintiff[']s money and lying to plaintiff, that they did not care about judges." (Doc. No. 8, [PageID# 22].) He adds, "Orientation – pay up to $1,000.00. Paycheck $1,600.00. $2,500.00 bonus." (*Id.*) He claims "breach of contract, theft of sign on bonus, theft of plaintiff[']s pay. Falsifying police records and making threats to authorities while being investigated by Nashville PD and Federal Bureau [of] Investigation." (*Id.*) He asserts that the defendants' actions constituted fraud and violated the Fair Labor Standards Act ("FLSA"). (*Id.* at [PageID# 21].)

(Doc. No. 10, PageID# 31.) In a section of the civil complaint form that directs plaintiffs to "[l]ist the specific federal statutes . . . that are at issue in this case[,]" Leggett lists the FLSA and three other federal statutes: Title 18, Chapter 31 of the United States Code, 26 U.S.C. § 7206, and 52 U.S.C. § 20702. (Doc. No. 8, PageID# 21.) Leggett's amended complaint seeks "the amount of pay and funds stolen from [him], all court cost[s], expenses[,] [and] pain [and] suffering" in the amount of $5 million. (*Id.* at PageID# 22.)

Construing the amended complaint "very broadly," the Court found that it "may state a claim under the FLSA" against each defendant. (Doc. No. 10, PageID# 32.) Specifically, the Court found that Leggett's allegations "that his employer(s) withheld 'orientation pay' and a paycheck in the amount of $1,600.00 . . . indicate that [he] performed work for which he was not compensated at all, which would mean that his compensation fell short of the minimum wage required by the FLSA." (*Id.*) The Court further found "that it has supplemental jurisdiction over any state law claims that are not preempted by the FLSA." (*Id.*) Finally, the Court stated that its determination that the amended complaint "states a colorable claim for purposes of [the] initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2)" and does not "preclude any defendant from filing a motion to

4

dismiss any claim under Federal Rule of Civil Procedure 12." (*Id.* at PageID# 33.) The Court did not address whether Leggett had stated any other plausible claims for relief under federal law.

### C. Defendants' Motion to Dismiss

Western Express, Wieck, Easterday, and Wise filed a motion to dismiss Leggett's amended complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Leggett has failed to state a plausible claim for relief under any of the federal statutes that he cites.[2] (Doc. Nos. 15, 15-1.) Defendants argue that Leggett cannot state claims for relief under 18 U.S.C. § 665, 26 U.S.C. § 7206, or 52 U.S.C. § 20702 because they are criminal statutes that may only be enforced by the United States government. (Doc. No. 15-1.) With respect to Leggett's claim under the FLSA, Defendants argue generally that Leggett's amended complaint "contain[s] no facts, no details, and no information to demonstrate how or why Leggett is entitled to relief . . . ." (*Id.* at PageID# 56.)

Leggett responded to Defendants' motion to dismiss by filing a document entitled "MOTION TO NOT DISMISS AGAINST WESTERN INC[.]" (Doc. No. 17, PageID# 62 (emphasis in original).) The Court construes Leggett's filing as a response in opposition to Defendants' motion to dismiss. Leggett does not directly respond to Defendants' arguments in

---

[2] Defendants' motion to dismiss also invokes Rules 12(b)(1) and "12(b)(8)." (Doc. No. 15, PageID# 48; Doc. No. 15-1, PageID# 51.) There is no Rule 12(b)(8) in the Federal Rules of Civil Procedure or this Court's Local Rules. To the extent Defendants argue that the amended complaint fails to comply with the pleading standards articulated in Rule 8, such challenges are appropriately raised under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6); *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014) ("To survive a Rule 12(b)(6) motion, a complaint must comply with the pleading requirements of Rule 8(a) . . . ."). Defendants frame their dismissal arguments regarding Leggett's purported criminal causes of action as arguments under Rule 12(b)(1), which addresses challenges to jurisdiction, but these arguments are also properly raised under Rule 12(b)(6). *See Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308 (6th Cir. 2004) (affirming district court's Rule 12(b)(6) dismissal of plaintiff's claims under criminal statutes and holding that plaintiff "failed to state a claim for relief under the criminal statutes cited in his complaint" because he "possesse[d] no private right of action against the defendants for alleged violations of those criminal statutes").

favor of dismissal. Instead, he reiterates his position that "Western Express conducted a scam, fraud, [and] larceny upon its lease and owner operators" and "breach[ed] [its] contract with the Plaintiff by not providing the correct service and or loads . . . ." (Doc. No. 17, PageID# 62, 63.) Leggett states that Western Express "is and has been [under] investigation by the FBI and US Attorney's office for [f]raud, conspiracy, larceny[,] and other charges" and that the company "is in constant litigation" regarding other drivers' claims. (*Id.* at PageID# 62.)

Defendants filed a reply asking the Court to grant their motion to dismiss in light of Leggett's failure "to deny, rebut, or address [their] positions . . . ." (Doc. No. 20, PageID# 70.) Leggett filed a sur-reply without permission from the Court, arguing that he did not receive his $2,500.00 sign on bonus and that Defendants "knowingly breach[ed] contract[s] by not paying drivers what was required by Federal labor Standard [sic] and then tried to make drivers pay for their equipment that had been already used." (Doc. No. 21, PageID# 74.)

**II.     Legal Standard**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A plaintiff must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Leggett proceeds pro se, the Court construes his filings "'liberally'" and holds his complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**III.     Analysis**

    **A.     Claims Under Title 18, Chapter 31, 26 U.S.C. § 7206, and 52 U.S.C. § 20702**

Although they have not cited any legal authority in support of their position, Defendants are correct that Leggett may not state claims for relief under the three criminal statutes cited in his amended complaint, none of which creates a private cause of action. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (explaining that the Supreme Court has "been quite reluctant to infer a private right of action from a criminal prohibition alone" and "ha[s] not suggested that a private right of action exists for all injuries caused by violations of criminal prohibitions"); *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002) (affirming district court's dismissal of claims under federal criminal statutes for failure to state a claim because the "statutes concern[ed] criminal, rather than civil, offenses" and "[t]hus a

7

Case 3:19-cv-00110     Document 23     Filed 01/06/20     Page 7 of 11 PageID #: 88

private cause of action may not be brought for the alleged violations . . ."); *Banks v. Wells Fargo Bank, NA*, No. 1:16-cv-00966, 2016 WL 11568948, at *5 (N.D. Ga. Apr. 25, 2016) (recommending dismissal of plaintiff's claims under 18 U.S.C. §§ 641–665 for failure to state claims on which relief could be granted because those criminal statutes "do not provide a private right of action"), *report and recommendation adopted by* 2016 WL 11567825 (N.D. Ga. June 10, 2016); *I-Remiel Azariah: Ibn Yahweh v. Shelby Cty. Gen. Sessions Ct.*, No. 12-3073, 2014 WL 1689297, at *8 (W.D. Tenn. Apr. 29, 2014) (dismissing plaintiff's claim under 26 U.S.C. § 7206 because "Section 7206 is a criminal statute prohibiting fraud and false statements under the Internal Revenue Code and grants no explicit private right of action"). Accordingly, Leggett's claims under Title 18, Chapter 31, 26 U.S.C. § 7206, and 52 U.S.C. § 20702 should be dismissed with prejudice.

### B. FLSA Claims

While Defendants argue generally that Leggett's amended complaint fails to state a claim for relief under the FLSA, they have not provided any legal authority establishing the factual elements a plaintiff must allege to state a plausible claim for violation of the FLSA's minimum wage requirements. (Doc. No. 15-1.) Defendants have therefore not adequately supported their motion. However, because Leggett appears *in forma pauperis*, the Court has an independent obligation under 28 U.S.C. § 1915(e)(2) to ensure that the amended complaint states claims for which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court therefore undertakes that independent review.

The FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce . . . or is employed in an enterprise engaged in commerce . . . not less than . . . $7.25 an hour[.]" 29 U.S.C. § 206(a)(1)(C). The majority of federal courts of appeals have held that "a plaintiff alleging a federal minimum wage violation [under the FLSA]

must provide sufficient factual context to raise a plausible inference there was at least one workweek in which he or she was underpaid." *Hirst v. Skywest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018). Indeed, the Sixth Circuit has held that plaintiffs asserting FLSA minimum wage claims are "required to identify a particular workweek in which, taking the average rate, they received less than the minimum wage per hour." *In re: Amazon.com, Inc. Fulfillment Ctr. FLSA & Wage & Hour Litig.*, 905 F.3d 387, 406 (6th Cir. 2018).

Even broadly construed, Leggett's amended complaint does not meet this requirement. It does not provide any relevant dates or time periods that would allow the Court to infer that Leggett was paid less than minimum wage in any particular workweek. *See id.*; *Hirst*, 910 F.3d 966. The "operator settlements" attached to Leggett's original complaint (Doc. No. 1-2) do appear to show various payments and charges between Western Express and Leggett from August 25, 2018, through October 6, 2018—an approximately 6-week period—but Leggett has not sufficiently explained whether and how these records could support a finding that Leggett received less than minimum wage in a particular workweek. It is Leggett's responsibility, not the Court's, "to sift through his various grievances and both to decide, and plead with some level of specificity, what claims he intends to assert against what defendants, and to give any defendant named in the complaint fair notice of why [they are] being sued." *Mobley v. Warden London Corr. Inst.*, No. 2:09-cv-638, 2010 WL 518033, at *1 (S.D. Ohio Feb. 1, 2010).

However, in light of Leggett's pro se status and his efforts to provide relevant payment records, the Court should dismiss Leggett's FLSA claim without prejudice to refiling a complaint that sufficiently alleges particular workweeks in which he received less than the minimum wage per hour.

### C. Claims Under State Law

The Court previously found "that it has supplemental jurisdiction over any state law claims [in Leggett's amended complaint] that are not preempted by the FLSA" under 28 U.S.C. § 1367. (Doc. No. 10, PageID# 32.) Section 1367(c) provides that a court "may decline to exercise supplemental jurisdiction over a claim" if the "court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C, § 1367(c)(3). In exercising that discretion, courts "consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Where, as here, all federal claims have been dismissed before trial, these factors usually weigh in favor of dismissing the state-law claims. *Id.*; *see also Ismaiyl v. Brown*, No. 16-4308, 2018 WL 2273671, at *2 (6th Cir. Mar. 22, 2018) (holding that district court "properly declined to exercise supplemental jurisdiction" over plaintiff's state-law claims after dismissing plaintiff's federal claims stemming from a child-custody dispute); *Beverly v. Beverly*, No. 17-3919, 2018 WL 1176508, at *1 (6th Cir. Jan. 30, 2018) (same). There is no reason to depart from the general rule in this case.

The Court should decline to exercise jurisdiction over any state-law claims in Leggett's amended complaint and dismiss those claims without prejudice.

### IV. Recommendation

Defendants' motion to dismiss suffers from several serious legal deficiencies; so does Leggett's amended complaint, and the Court has an independent responsibility under 28 U.S.C. § 1915(e)(2) to dismiss any claims that fail to state a claim for relief. For these reasons, the Magistrate Judge RECOMMENDS that Defendants' motion to dismiss (Doc. No. 15) be GRANTED with respect to Leggett's federal claims, that his claims under the FLSA be DISMISSED WITHOUT PREJUDICE, and that his other federal claims be DISMISSED WITH

10

Case 3:19-cv-00110   Document 23   Filed 01/06/20   Page 10 of 11 PageID #: 91

PREJUDICE. The Magistrate Judge further RECOMMENDS that the Court decline to exercise supplemental jurisdiction over any remaining state-law claims and, accordingly, that any state-law claims be DISMISSED WITHOUT PREJUDICE.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 6th day of January, 2020.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge